## ARKANSAS WESTERN GAS CO. *v.* Paul F. Keller and Nelwyn KELLER

5-5929                                    481 S.W. 2d 358

Opinion delivered June 19, 1972

*Ben C. Henley,* for appellant

*Fitton, Meadows & Adams,* for appellees

Frank Holt, Justice. The appellant, as lessee, sought to cancel a lease. The trial court, sitting as a jury, found that the lease was automatically extended for an additional year. For reversal, appellant contends that the court's findings are contrary to the law; that the court erred in its findings that the agreement automatically extended itself upon failure of appellant to give written notice; and that appellant was entitled to mitigation of damages. Appellant consolidates its contentions for argument.

On February 6, 1959, appellant and appellees' predecessor in title entered into a written agreement whereby appellant was granted the right to introduce natural gas for storage purposes into the geological strata underlying the lessor's land. The lease provided for successive one-

year extensions. These were exercised until 1971 when appellant failed to pay on the due date (February 6) the agreed annual rental of $540. On February 17, 1971, appellant made a written demand for payment. February 26, 1971, appellant wrote appellees that it was releasing the property and cancelling the lease.

The lease in pertinent part provides:

"TO HAVE AND TO HOLD the same unto Company, its successors and assigns, with the right and option, for the payment herein referred to, to extend said term of one year for additional successive periods of one year, each thereafter subject, however, to the following covenants and provisions:

(1) Unless Company shall notify Owner in writing on or before the expiration of the original term or any additional extended one year period thereafter, that it does not elect to extend this Agreement, this agreement including all its terms, provisions and covenants shall be automatically extended for an additional period of one year, for which one year extension Company shall pay Five Hundred Forty Dollars ($540.00) to Owner. Such payment shall be made prior to the beginning of any one year term for which this agreement may be extended; provided however, that should Company fail to make such payment for such extension when it is payable as aforesaid and in the event Company has not notified Owner in writing of its desire not to extend the agreement, this agreement will nevertheless be automatically extended for one year period unless Owner has notified Company in writing that Owner has not received said payment and Company shall have failed to make such payment to Owner within 30 days after receipt of such notice. Where payment for a year's extension of this agreement is not made when first payable as aforesaid and Company fails for any reason to make payment within 30 days of receipt of written notice of such failure, Owner shall, at its election, have the right to cancel this agreement and re-enter into full possession of the premises herein described."

Appellant asserts that since the lease is a year-to-year tenancy it provides a privilege in appellant to extend the lease for successive annual periods; and that to exercise the privilege appellant had to (1) pay the rent and (2) keep possession of the property. We do not agree. The explicit language of the lease agreement provides for an automatic extension unless the lessee notifies the lessor in writing of its desire to terminate the lease "on or before the expiration of the original term or any additional extended one year" term. Therefore, appellant's failure to give termination notice on or before February 6, 1971, is tantamount to a proposal by the lessee to continue the lease for an additional year. See 50 Am. Jur. 2d, Landlord and Tenant, § 1181, and 172 A.L.R. 1205 and 1239.

We find no merit in appellant's assertion that appellees' exclusive remedy was to give notice and retake possession of the property. The terms of the lease agreement granted the appellees the option to cancel the lease and re-enter into full possession of the property. Appellees' election not to cancel and take possession but to continue the lease in accordance with its terms and conditions entitles the appellees to the full payment of the year's rent.

Affirmed.